

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

NEWARK VICINAGE

**NOT FOR PUBLICATION**

|                               |     |                         |
| ----------------------------- | --- | ----------------------- |
| **LAWRENCE BOSS,**            | :   |                         |
| **DONNELL WOLFE,**           | :   |                         |
| **THADDEUS THOMAS, and**     | :   |                         |
| **RAFFIEK GRAHAM,**          | :   |                         |
|                               | :   | **Civil No. 14cv5771(SRC)** |
| **Plaintiffs,**              | :   |                         |
|                               | :   |                         |
| **v.**                        | :   |                         |
|                               | :   | **OPINION**             |
| **Mr. S. DAVIS ET AL.,**     | :   |                         |
|                               | :   |                         |
| **Defendants.**              | :   |                         |

**CHESLER, District Judge:**

Plaintiffs are civilly committed detainees under New Jersey's Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24 <u>et seq.</u>, confined at East Jersey State Prison. (Compl., ECF No. 1.) Plaintiffs submitted a civil rights complaint to this Court, and subsequently submitted individually executed applications to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (ECF Nos. 12-15.) Plaintiffs have established their inability to pay the filing fee, and the Court will grant the IFP applications.

1

This case is now subject to preliminary review by the Court pursuant to § 1915(e)(2)(B).

When a person is proceeding in forma pauperis ("IFP") under 28 U.S.C. § 1915, the statute requires the court to "dismiss the case at any time if the court determines that" the action is frivolous or malicious; the action fails to state a claim upon which relief may be granted; or the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I.   THE COMPLAINT

The first complaint filed in this action includes four Plaintiffs, each of whom signed the complaint, and four named defendants. (ECF No. 1 at 1 and 37.) Approximately one week later, a second and third complaint were filed in this matter. (ECF Nos. 2 and 3.) The second complaint has only one Plaintiff, Thaddeus Thomas, and has one additional defendant, Sherry Yates. (ECF No. 2 at 1.) The sole Plaintiff in the third complaint is Rafieek Graham, and he named the same five defendants as in the second complaint.  (ECF No. 3 at 1.)

The substance of the "Statement of Claims" sections of the first and third complaints is identical. (ECF Nos. 1 and 3.) The second complaint contains three additional pages of allegations

2

to the "Statement of Claims" section. (ECF No. 2 at 15-17.) The
third complaint has one additional attachment, otherwise the
attachments to all the complaints are identical. (ECF No. 3 at
34.) Almost immediately after the second and third complaints
were filed, the individual Plaintiffs began filing letters in
this matter, each labeled as an addendum to this case,
purporting to add new claims and new defendants, although not
labeling them as such. (Letters, ECF Nos. 4-10.)

The nearly identical first and third complaints allege the
following, accepted as true for purposes of this screening only.
On September 10, 2014, the administrators [unidentified] were
informed that civil residents committed under the New Jersey
SVPA are not supposed to be treated like prisoners. For eight
hours a day, Plaintiffs were able to talk to Department of Human
Services ("D.H.S.") staff, but for the remaining sixteen hours
of the day, they were treated as problem prisoners in that (1)
the Department of Corrections ("D.O.C.") cancelled groups while
they were in session; (2) the D.O.C. refused to allow treatment
staff to run and conduct treatment groups; (3) unit correction
officers routinely locked down residents, terminating their
treatment; and (4) when these matters were brought to the
attention of D.H.S. staff, they did nothing.

As a result of placing civil residents under D.O.C. Code 10:A,[1] residents had to turn over their tobacco products, and they were prohibited from receiving water or food packages from visiting family members. Plaintiffs allege they have been denied their rights under the Patient Bill of Rights since arriving at East Jersey State Prison. They allege this is punishment that is improper for civilly committed residents. When residents complain about such, they have been threatened with lock-up in violation of their First Amendment rights. D.H.S. Administrators will not intervene when D.O.C. employees violate civilly committed residents' rights. Plaintiffs allege that application of policies under the New Jersey SVPA and the D.O.C. policies under 10:A create the equivalent of a second prosecution, in violation of the Constitution.

Plaintiffs allege there have been three or four different Assistant Superintendents of the D.O.C. since May 12, 2010, and each time a new D.O.C. policy is put in place, it interferes with the Plaintiffs' treatment and creates a hostile environment. The D.O.C. has not properly trained its employees to interact with civilly committed residents.

---

1 See New Jersey Administrative Code, Title 10:A, Corrections.

4

## II.  STANDARD FOR SUA SPONTE DISMISSAL

Plaintiffs are proceeding in forma pauperis in this civil action. Therefore, this Court must review the complaint and sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must liberally construe the complaint in Plaintiffs' favor because they are proceeding pro se. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

In Ashcroft v. Iqbal, the Supreme Court revisited the standard for summary dismissal of a complaint that fails to state a claim upon which relief may be granted. 556 U.S. 662 (2009). The Court examined the pleading standard under Federal Rule of Civil Procedure 8(a)(2), noting that a complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." Id. at 677. However, "[a]
pleading that offers 'labels and conclusions' or 'a formulaic
recitation of the elements of a cause of action will not do.'"
Id. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.
544, 555 (2007)).

A complaint must be dismissed for failure to state a claim
if it does not state a plausible claim for relief. Id.
"Determining whether a complaint states a plausible claim for
relief will ... be a context-specific task that requires the
reviewing court to draw on its judicial experience and common
sense." Id. at 679 (citations omitted). "When there are well-
pleaded factual allegations, a court should assume their
veracity and then determine whether they plausibly give rise to
an entitlement to relief." Id. Finally, a court should not
dismiss a complaint with prejudice for failure to state a claim
without granting leave to amend, unless it finds bad faith,
undue delay, prejudice or futility. See Grayson v. Mayview State
Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002).

## III. PROCEDURAL DEFICIENCIES

The first question that must be addressed is who are the
intended parties in this action? The first complaint names four
plaintiffs but the second and third complaints have only one

plaintiff. There appear to be five defendants, those who are named in the second and third complaints, while the first complaint names only four. Plaintiffs may also have intended to add new defendants by filing addenda to their complaint(s). Finally, the claims alleged in the subsequently filed letters apply primarily to the individual Plaintiffs. The claims in the three complaints might apply to all Plaintiffs and establish a potential basis for joinder of the claims. Plaintiffs will have to determine, and then inform the Court, whether they wish to proceed only on their joint claims, or if they wish to proceed individually.

Plaintiffs' multiple complaints and attempts to amend the complaints by filing letters violate the Federal Rules of Civil Procedure. A plaintiff may amend the complaint only once, and within a certain time frame, without seeking permission from the Court. Fed. R. Civ. P. 15(a); see Jones v. Bock, 549 U.S. 199, 214 (2007) (screening requirement does not justify deviating from the usual procedural practice). After the first amendment, a plaintiff must seek leave of court by filing a motion to amend, including a proposed amended complaint that would entirely replace the original complaint. Fed. R. Civ. P. 15(a)(2). Furthermore, letters, addenda or supplements will not

modify the complaint. See e.g., Campbell v. Soc. Sec. Admin.,
446 F. App'x 477, 481-82 (3d Cir. 2011) (affirming where
district court struck improperly filed Second Amended
Complaint).

Plaintiffs will be given the opportunity to reopen this
case by jointly filing one amended complaint, and such complaint
will completely replace the three complaints and letters filed
in this action. The amended complaint, joined by all Plaintiffs,
must clearly and concisely state the Plaintiffs' allegations as
to a particular transaction or related series of transactions,
and must allege facts, not mere legal conclusions, showing the
Plaintiffs are entitled to relief, based on the personal
involvement in a constitutional violation by each defendant. See
Fed. R. Civ. P. 8(a) and (e); Fed. R. Civ. P. 20(a); Ashcroft v.
Iqbal, 556 U.S. 662 (2009).

Federal Rule of Civil Procedure 20(a) permits several
plaintiffs to join in an action if: (1) their claims arise from
the same transaction, occurrence, or series of transactions or
occurrences; and (2) the action raises a question of law or fact
common to all plaintiffs. Upon screening, joinder will be denied
if the complaint raises multiple claims arising from unrelated
transactions or occurrences or affecting only individual

8

plaintiffs. See e.g. Bradley v. Choicepoint Servs., Inc., Civ.
Action No. 07-1255, 2007 WL 2844825, at *2-3 (E.D. Pa. Sept. 27,
2007).

Alternatively, and not in addition to the above, Plaintiffs
may reopen the new matters this Court will create, by each
filing an individual complaint and a new individual IFP
application that will replace the three complaints and letters
filed in this action. The Court will defer further screening of
the complaint(s) filed in this matter pursuant to 28 U.S.C. §
1915(e)(2)(B), until such time as Plaintiffs determine whether
to proceed jointly or individually.

If Plaintiffs' new complaint(s) fails to state a claim upon
which relief may be granted, the complaint(s) will be dismissed
pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiffs brought this
action pursuant to 42 U.S.C. § 1983. Section 1983 provides in
relevant part:

> Every person who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State or Territory ...
> subjects, or causes to be subjected, any
> citizen of the United States or other person
> within the jurisdiction thereof to the
> deprivation of any rights, privileges, or
> immunities secured by the Constitution and
> laws, shall be liable to the party injured
> in an action at law, suit in equity, or
> other proper proceeding for redress ....

To state a claim for relief under § 1983, a plaintiff must allege two things: first, the violation of a right secured by the Constitution or laws of the United States; and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). When submitting their amended complaint(s), Plaintiffs should be aware that a defendant in a civil rights action is not liable solely on the basis that he is responsible for the unconstitutional conduct of his subordinates. Iqbal, 556 U.S. at 676.

A defendant in a § 1983 civil rights action must have personal involvement in the alleged wrongs, and the complaint must factually describe each defendant's personal involvement. See Barkes v. First Corr. Med. Servs., 766 F.3d 307, 330 (3d Cir. 2014) (identifying elements of a claim for supervisory liability for deliberate indifference under the Eighth Amendment). Moreover, a plaintiff must have standing to litigate a claim. Thus, each plaintiff must plead facts specific to his or her own injury caused by the alleged constitutional violation(s). Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273 (2008) ("a plaintiff must adequately establish: (1) an injury in fact (i.e., a 'concrete and

10

particularized' invasion of a 'legally protected interest'); (2)
causation (i.e., a 'fairly ... trace[able]' connection between
the alleged injury in fact and the alleged conduct of the
defendant); and (3) redressability (i.e., it is 'likely' and not
'merely speculative' that the plaintiff's injury will be
remedied by the relief plaintiff seeks in bringing suit)."
(modifications in original) (quoting Lujan v. Defenders of
Wildlife, 504 U.S. 555, 560-561 (1992)).

Furthermore, the present complaints are unclear as to when
particular acts occurred. The dates of unconstitutional acts are
necessary to determine whether a particular claim is timely
under the statute of limitations. See Cito v. Bridgewater Tp.
Police Dept., 892 F.2d 23, 25 (3d Cir. 1989) (affirming
dismissal of Section 1983 complaint as barred by New Jersey two-
year statute of limitations for personal injury actions).

For these reasons, in the accompanying Order, this case
will be administratively terminated, subject to reopening in
compliance with the directions in this Opinion.

STANLEY R. CHESLER
United States District Judge

11